# Simpson, Appellant, *v.* Phœnix Glass Company.

*Negligence—Master and servant—Gangway between factories— Guard-rails—Lights—Fall of workman—Judgment n. o. v.*

In an action by an employee against a glass manufacturing company to recover damages for personal injuries sustained by falling from a gangway extending between two factories of defendant's plant, and having no guard-rails on the part from which plaintiff fell, judgment for defendant n. o. v. was properly entered where it appeared that the gangway, originally constructed for another purpose, had been used permissively by the workmen in coming to and going from their work for a period of eight years prior to the accident, although another safe means was provided; that at the time of the accident the condition of the gangway was

the same as during the whole period of eight preceding years, that plaintiff, who had used it constantly during that time, had made no complaint or request, nor had any of the other workmen, for guard rails or additional lights; and while the plaintiff testified that the darkness on the night of the accident was greater than had ever been experienced by him before so that he was unable to see by the light from the factory door which ordinarily was the sole means of illuminating the gangway and that in consequence of the darkness he had fallen and was injured, the uncontradicted evidence was that the light at the factory door was known to have been burning very shortly after the time of the accident and there was nothing in the evidence tending to show that it had become extinguished or was not in fact burning at the time the plaintiff fell from the gangway.

Argued October 8, 1915.   Appeal, No. 160, October Term, 1915, by plaintiff, from judgment of C. P. Beaver Co., Sept. T., 1913, No. 377, entered for defendant non obstante veredicto in case of James B. Simpson v. Phœnix Glass Company.   Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and FRAZER, JJ.   Affirmed.

Trespass for personal injuries.

The facts appear in the following opinion by HOLT, P. J.:

The trial in this case resulted in a verdict for the plaintiff.   There was a request for binding instructions in favor of the defendant.   We reserved our answer to this request to be given when passing on the motion for judgment n. o. v. in case the verdict should be rendered for the plaintiff.   A motion for a new trial has been filed, and likewise a motion for judgment n. o. v. upon the whole record.   It now becomes our duty to examine the evidence and pass upon these motions.

The plaintiff was injured at about four o'clock on the morning of December 4, 1912, by falling from a gangway extending between factories numbered 1 and 2 of the defendant's plant, said gangway being elevated some ten or eleven feet above the ground, and having no guardrail or rails on the part of it from which the plaintiff fell.

This gangway was originally constructed for the purpose of moving tools from factory No. 1 to factory No. 2 and vice versa, and to enable the watchmen to pass from one factory to the other. This gangway was permissively used by the workmen in coming to and going from their work for a period of more than eight years prior to the time of the accident; and a set of steps was constructed by the defendant leading down from the gangway to a street over which the gangway passed, for the purpose of enabling the employees to reach the gangway from the street. At the end of the platform at factory No. 1 there was a light maintained for the purpose of lighting the gangway, and at the end of the gangway next to factory No. 2, the gangway sloped from the door of the factory, which was near the ground, up to the level part of the gangway, which was about forty feet from the doorway; and there was no light to light the inclined part of the gangway, save the light which shone from the factory door when it was open. There was another passageway leading from the factory in which the plaintiff was employed which was provided with guard-rails and along which the plaintiff could have gone on the night of the accident, but the gangway from which the plaintiff fell, was used by the employees of the defendant in coming to and leaving their work for such a long period of time that it became one of the recognized means of access to and from the factories to the street, and such were the conditions on the night of the accident. With all these conditions the plaintiff was familiar, and knew as much about them as the defendant or those in charge of the plant. The plaintiff admitted when on the stand that he had used this gangway for the purpose of going to and returning from his work for a period of eight years, and that the conditions as to the want of guard-rails and as to lights were the same the night of the accident that they had been during the whole period of the eight preceding years, and no complaint was made by him or any request made by him

or anyone else to put up guard-rails or additional lights.

It appears from the evidence that the darkness on the night of the accident, was greater than had ever been experienced by the plaintiff or others who testified in the case. The plaintiff had not during the period of eight years preceding the time of the accident, experienced any difficulty in the use of the gangway in the condition in which it was on the night of the accident; and from his testimony the lights prior to the time of the accident had been sufficient,—or, at least, he did not testify that he had experienced any difficulty in using the gangway with such lights as were maintained there. The plaintiff testified that when he left the factory he was unable to see by the light from the factory door to walk up the inclined part of the gangway to the level part of the gangway, that the door behind him was closed, and he found himself in dense darkness, that he could not see the light at factory No. 1 and that he endeavored to retreat, and in doing so fell from the platform and was injured. While the plaintiff says he did not see the light at the end of the gangway next to factory No. 1, still the uncontradicted evidence in the case is that the light was known to be burning very shortly after the time of the accident; and there is nothing in the evidence tending to prove how the light became extinguished, if it was not in fact burning at the time the plaintiff fell from the gangway. If the light at the end of the platform near factory No. 1 was not burning, it devolved on the plaintiff to prove something more than the mere fact that it was not burning; he was required to prove that its being out was due to the negligence of the defendant. The case, therefore, turns upon the question whether or not the gangway in the condition in which it was with the lights that were in use, was dangerous to the employees and the plaintiff; and, if so, whether or not under the undisputed facts of the case the plaintiff was cognizant of the danger and appreciated it. The plaintiff had used the platform at night in leaving the plant of the defend-

ant for a period of eight years; he was a man of mature age and of the average intelligence. His testimony shows that he knew all about the gangway, all about the lights which were there, and everything else connected with it. He had experienced no difficulty in using it for the long period of time prior to the accident. He does not take the position that the lights were insufficient at any prior time; nor is there anything on the plaintiff's side of the case tending to prove that there was ever any complaint to the defendant and any promise to change conditions in and about the gangway.

Under the undisputed evidence in this case, the conclusion is irresistible that the plaintiff was in a situation to know and to appreciate the danger, if any there was, incident to the use of the gangway just as it had existed there for the long period of time that he used it. We instructed the jury that if the degree of darkness at the time of the accident was extraordinary, something that the defendant could not reasonably have foreseen and provided against by additional light, the defendant would not be liable if such lights as were maintained were insufficient,—if the plaintiff knew the danger incident to the use of the gangway in the condition in which it was, with the lights there maintained, and appreciated such danger. The jury evidently found that the darkness was not of the extraordinary character above mentioned; and under the undisputed facts in the case we think it was not the province of the jury to determine whether the plaintiff knew and appreciated the danger incident to the use of the gangway with the lights which were maintained; if the facts are not in dispute, it becomes a question of law for the court as to whether or not the risk is assumed. The fact as to whether or not the plaintiff knew the danger and appreciated it was not in dispute.

We will, therefore, affirm the request for binding instructions for the defendant.

We sympathize with the plaintiff in his unfortunate

condition; but the decisions of the court must not be controlled by sympathy, but by the law applicable to the facts in any given case.

Verdict for plaintiff for $7,500.

The court directed the entry of judgment for defendant non obstante veredicto. Plaintiff appealed.

*Error assigned* was in entering judgment for defendant n. o. v.

*David F. Anderson* and *Forest G. Moorhead,* with them *Venice J. Lamb* and *John G. Marshall,* for appellant.

*Wylie McCaslin,* with him *H. F. Reed, J. F. Reed* and *Arthur McKean,* for appellee.

PER CURIAM, October 28, 1915:

That the defendant was entitled to judgment, notwithstanding the verdict returned against it, clearly appears in the opinion of the court below directing it to be entered, and on that opinion it is affirmed.